UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY and BLYTHE NEWLIN, as individuals; QUADE & ASSOCIATES, PLC, a California professional liability company; AIG PROPERTY CASUALTY COMPANY, a Pennsylvania corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 20cv765-GPC(DEB)<br><br>**ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**[Dkt. Nos. 66, 67.]** |

Before the Court are Defendant AIG Property Casualty Company's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Defendants Anthony and Blythe Newlin, and Quade & Associates, PLC's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). (Dkt. Nos. 66, 67.) Plaintiff Travelers Indemnity Company of Connecticut filed a joint opposition to both motions. (Dkt. No. 79.) All Defendants filed their replies. (Dkt. No. 83, 84.) Based on the reasoning below, the Court GRANTS the Defendants' motions to dismiss under Rule 12(b)(1).

///

**Procedural Background**

On April 22, 2020, the original complaint was filed in this Court. (Dkt. No. 1, Compl.) Shortly thereafter, on May 1, 2020, Plaintiff Travelers Indemnity Company of Connecticut ("Plaintiff" or "Travelers") filed a first amended complaint ("FAC") alleging four counts for declaratory relief against Defendants Anthony and Blythe Newlin ("the Newlins"), Quade & Associates ("Quade"), and AIG Property Casualty Company, ("AIG") (collectively "Defendants") as well as a breach of contract claim against the Newlins based on facts arising from an underlying state court complaint in San Diego County Superior Court, Case No. 37-2017-00006963-CU-OR-NC entitled *Hamadeh et al. v. Newlins, et al.,* ("Hamadeh Litigation"). (Dkt. No. 5, FAC.) On September 14, 2020, the Court granted the Newlins' motion to dismiss the breach of contract claim and granted all Defendants' motion to dismiss the FAC with leave to amend. (Dkt. No. 55.) On September 24, 2020, Plaintiff filed the second amended complaint ("SAC"). (Dkt. No. 56.)

On June 11, 2020, the Newlins, AIG and Quade each separately filed a third-party complaint against CCL Contracting, Inc. and a counterclaim against Travelers. (Dkt. Nos. 14, 16, 17.) On November 2, 2002, the Court granted Travelers' motions to dismiss the counterclaims by the Newlins and Quade with leave to amend and denied CCL's motions to dismiss the third-party complaints by the Newlins, Quade and AIG. (Dkt. No. 73.) On November 16, 2020, CCL filed answers to the third party complaints. (Dkt. Nos. 74, 75, 76.) On November 20, 2020 the Newlins and Quade each filed their "Third-Party Complaint and First Amended Counterclaims against Travelers." (Dkt. Nos. 81, 82.) CCL then filed answers to these filings against Travelers.[1] (Dkt. Nos. 87, 88.) Travelers filed motions to dismiss the first amended counterclaim which are not yet fully briefed. (Dkt. Nos. 85, 86.)

---

[1] It is not clear why CCL filed answers to the amended counterclaims that were alleged against Travelers and not CCL.

2

On October 13, 2020, the Newlins and Quade filed the instant motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), (Dkt. No. 66), and AIG filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which are fully briefed.[2] (Dkt. No. 67.)

## Factual Background

According to the SAC, Travelers issued to CCL Contracting, Inc. ("CCL Contracting"), as the named insured, commercial general liability policies from April 1, 2014 – April 1, 2018 ("CCL Policies"). (Dkt. No. 56, SAC ¶ 8.) Travelers alleges that in November 2013, CCL Contracting was awarded the contract for a project for the Santa Fe Irrigation District referred to as the Group 2 Pipelines Project. (*Id.* ¶ 16.) Per the Santa Fe Irrigation District plans, specifications and easements, CCL Contracting installed one or more replacement water lines for property located at 16350 Via Del Alba, Rancho Santa Fe, California 92067 ("Property") which, at the time, was owned by the Newlins. (*Id.; id.* ¶ 2.) CCL Contracting relocated an existing public fire hydrant on Via del Alba to the end of the cul-de-sac approximately 3 feet onto the Property per a Santa Fe Irrigation District easement. (*Id.* ¶ 16.) At the time, the Newlins owned the property but later sold it to Bassim Hamadeh, Seidy Hamadeh, and the Ravello Trust on February 18, 2015. (Dkt. No. 16, Newlins' TPC/Counterclaim ¶¶ 8-9.)

On February 24, 2017, Bassim Hamadeh, Seidy Hamadeh and The Ravello Trust, Bassim and Seidy Hamadeh as Trustees filed a complaint in the Superior Court for the

---

[2] In its opposition, Travelers argues that the Newlins, AIG and Quade's motions to dismiss should be denied as untimely because the deadline to file a responsive pleading was October 8, 2020 and not October 13, 2020 when the motions were filed under Rule 6. (Dkt. No. 79 at 8-10.) The Newlins, AIG and Quade respond arguing that Rule 6(d) is not a model of clarity but even if they were mistaken, the Court may consider their motions if there was "excusable neglect." (Dkt. No. 84 at 7-9; Dkt. No. 83 at 12-14.) The Court concludes that even if the motions to dismiss were untimely, Defendants' failure to timely respond was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The motions were filed only three days late, defense counsel relied on the Rutter Guide which reflects the lack of clarity in the amended Rule 6(d), and finally, and most importantly, Travelers did not assert and it does not appear that it suffered any prejudice. Accordingly, the Court declines to deny the motions to dismiss as untimely.

County of San Diego against the Newlins and their real estate agents for (1) negligent misrepresentation, (2) negligence and (3) breach of contract arising out of the Hamadeh's purchase of the Property from the Newlins in 2015 ("Hamadeh Litigation"). (Dkt. No. 56, SAC ¶ 17.) An amended complaint was later filed. (*Id.*) Around August 3, 2017, the Newlins, through their legal representative, Quade, tendered their defense in the Hamadeh Litigation to Travelers as additional insureds under some or all of the CCL Policies. (*Id.* ¶ 18.) In the tender, the Newlins asserted that the Hamadeh's alleged defects and damages resulted from work performed by CCL Contracting at the Property. (*Id.*) Around December 7, 2017 the Newlins filed a cross-complaint against CCL Contracting, and others, in the Hamadeh Litigation. (*Id.* ¶ 19.) Travelers acknowledged receipt of the Newlins' tender and sent correspondence to the Newlins advising them that Travelers accepted their tender under some or all of the CCL Policies under a reservation of rights and agreed to defend the Newlins in the Hamadeh Litigation. (*Id.* ¶ 20.) At the time, Travelers asserted its right to retain counsel of its choosing and advised the Newlins that it was retaining James Bohm of Bohm Wildish to represent and defend them in the Hamadeh Litigation. (*Id.*) However, the Newlins refused to accept Traveler's appointed counsel to defend them in the Hamadeh Litigation which allegedly constituted a material breach of the policies. (*Id.* ¶ 21.)

In addition, the Newlins tendered their defense in the Hamadeh Litigation to AIG under their own Policy and AIG agreed to defend and fully defended the Newlins in the Hamadeh Litigation through Quade and/or Tyson & Mendes. (*Id.* ¶ 22.) Around January 2019, AIG settled the claims asserted against the Newlins in the Hamadeh Litigation and the claims against them were subsequently dismissed with prejudice. (*Id.* ¶ 23.) The cross-complaint filed by the Newlins against CCL Contracting in the Hamadeh Litigation remains pending in San Diego Superior Court and no trial date is currently set. (*Id.* ¶ 24.) Quade contends that Travelers is obligated to pay attorney fees and costs billed through its firm to defend the Newlins in the Hamadeh Litigation. (*Id.* ¶ 25.) Due to the material breach by the Newlins, Travelers disputes Quade, the Newlins and AIG's contentions that

Travelers was obligated to defend the Newlins, pay any attorneys' fees or costs incurred by the Newlins, their personal counsel or AIG's appointed defense counsel, or duty to indemnify AIG under the CCL Policies.

As such, Travelers seeks 1) declaratory relief against the Newlins for a number of declarations concluding that Travelers has no obligations under the CCL Policies; 2) breach of contract against the Newlins; 3) declaratory relief against Quade for a number of declarations concluding that Travelers has no obligations under the CCL Policies; 4) declaratory relief against AIG (duty to defend); and 5) declaratory relief against AIG (duty to indemnity).  (*Id.* ¶¶ 26-50.)

According to the third-party complaint filed by Quade against CCL Contracting, Quade alleges that in January 2019, AIG funded a $900,000 settlement between the Newlins, the Hamadeh and all Hamadeh cross-defendants except CCL Contracting were dismissed with prejudice. (Dkt. No. 17, Quade's TPC/Counterclaim ¶ 16.)  On June 10, 2020, the Newlins assigned all their rights under the legal services agreement with Quade to recover unpaid excess fees from CCL Contracting and/or Travelers while still retaining their own personal rights to pursue claims for emotional distress, punitive damages and attorney's fees incurred in recovering contractual benefits unreasonably withheld by Travelers.  (*Id.* ¶ 17.)  According to Quade, CCL Contracting and Travelers are obligated to pay it the excess fees of about $1.7 million, plus interest.  (*Id.* ¶ 18.)  Quade alleges breach of contract against CCL Contracting, (*id.* ¶¶ 65-72), breach of contract-duty to defend-independent counsel against Travelers, (*id.* ¶¶ 73-76), and indemnity, equitable subrogation, waiver/estoppel against Travelers, (*id.* ¶¶ 77-81).  Quade's amended counterclaim against Travelers alleges breach of contract-duty to defend-independent counsel against Travelers, and indemnity, equitable subrogation, waiver/estoppel (Dkt. No. 82, Quade's Am. Counterclaim ¶¶ 80-98.)

In the Newlins' third-party complaint against CCL Contracting, they contend that in the underlying state court case, on December 17, 2017, the Newlins filed a cross-complaint against, among other cross-defendants, CCL Contracting, alleging breach of

contract, negligence, negligent misrepresentation, indemnity, contribution, apportionment and declaratory relief. (Dkt. No. 16, Newlins' TPC/Counterclaim ¶ 13.) During the Hamadeh Litigation, AIG, on behalf of the Newlins, paid over $1.5 million in attorney fees and costs to Tyson Mendes and Quade. (*Id*. ¶ 14.)  In January 2019, AIG funded a $900,000 settlement between the Newlins, the Hamadeh plaintiff and the cross-defendants except CCL Contracting which was confirmed by the trial court on June 13, 2019. (*Id.* ¶ 15.)  The third-party complaint alleges breach of contract against CCL Contracting, (*id.* ¶¶ 57-62).  The amended counterclaim against Travelers asserts breach of insurance contract, and breach of implied covenant of good faith and fair dealing against Travelers. (Dkt. No. 81, Newlins' Am. Counterclaim ¶¶ 79-91.)

In AIG's third-party complaint against CCL Contracting and counterclaim against Travelers, it alleges equitable subrogation – express contractual indemnity against CCL Contracting, (Dkt. No. 13, AIG's TPC/Counterclaim ¶¶ 56-64), equitable subrogation - contractual promise to procure primary coverage against CCL Contracting, (*id.* ¶¶ 65-69), equitable subrogation – express contractual indemnity against Travelers, (*id.* ¶¶ 70-75), equitable indemnity against Travelers, (*id.* ¶¶ 76-78), equitable contribution – proportionate liability against CCL Contracting, (*id.* ¶¶ 79-81), and equitable contribution – proportionate liability against Travelers, (*id.* ¶¶ 82-84).

## Discussion

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  Defendants do not articulate whether they seek a facial or factual challenge.  Because their arguments rely entirely on the allegations in the SAC, the Court concludes they are seeking a facial challenge. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

**B.     Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

**C.     Travelers' Breach of Contract Claim against the Newlins**

In its prior order, the Court granted the Newlins' motion to dismiss the breach of contract claim for Travelers' failure to plead "actual damages" caused by the Newlins' purported breach. (Dkt. No. 55 at 13.) The Court also granted dismissal of the declaratory relief claims because Travelers failed to assert an independent basis for diversity jurisdiction on the breach of contract claim by failing to allege the $75,000 amount in controversy. (*Id.* at 17-18.)

On the latter ruling, the Court explained that "[c]laims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule. *Snodgrass v. Provident Life & Accidental Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998)" and "[t]he appropriate inquiry for a district court in a Declaratory Judgment Act ["DJA"] case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." (Dkt. No. 55 at 17 (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1112 (9th Cir. 2001) (quoting *Snodgrass*, 147 F.3d at 1167-68)). Because the FAC failed to allege an independent state law cause of action for breach of contract by failing to allege the amount in controversy, the Court then conducted an analysis on whether it should exercise its discretion over the declaratory relief claims under *Brillhart v. Excess Ins. Co.,* 316 U.S. 419 (1942) and its progeny. (*Id.* at 14-27.) Under *Brillhart,* district courts "[1] should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225.

The Court concluded that Travelers' declaratory relief claims "could be deemed 'reactive'" or forum shopping because: (1) the declaratory relief claims were filed in federal court "in response to Defendants' demand for payments of fees and costs incurred during the Hamadeh Litigation"; (2) "Travelers knew it was exposed to AIG Property's subrogation, indemnity and/or contribution claims as well as the Newlins' breach of contract and bad faith claims"; (3) Travelers "also knew that AIG had accrued

subrogation and indemnity claims against CCL Contracting, Travelers' named insured and a California resident, based on CCL Contracting's separate contract with the Newlins and they were also additional insureds under the CCL Policies"; and therefore, Travelers "knew that it and CCL Contracting were in danger of being named as defendants in a state court proceeding by the Newlins and/or AIG and because CCL Contracting's presence would make the state court action non-removable. . . ." (*Id.* at 20-21.) The Court also concluded that the other two *Brillhart* factors, avoiding needless determination of state law issues and duplicative litigation did not support retaining jurisdiction over the declaratory relief claims. (*Id.* at 21-27.) In conclusion, the Court declined to exercise its discretion over the declaratory relief claims in the interest of comity, concerns of judicial administration and fairness to the parties and granted dismissal of the declaratory relief causes of action. (*Id.* at 26.) However, because Travelers could correct the deficiencies noted, the Court granted Travelers leave to file a second amended complaint to allege "actual damage" to support a breach of contract claim and also "allege an independent cause of action for breach of contract separate from the DJA claims." (*Id.* at 14, 27.)

In the instant motion, the Newlins move to dismiss the breach of contract claim arguing that Travelers has failed to allege $75,000 in actual damages to satisfy the amount in controversy. (Dkt. No. 66-1.) Travelers disagrees arguing that it has pled a valid breach of contract claim that could be independently litigated absent the declaratory relief claims. (Dkt. No. 79 at 17.) It avers that the amount in controversy exceeds $75,000 even without the declaratory relief claims because the amount in controversy includes the amount it paid to Bohn Wildish which is in excess of $1,000 and also the amount the Newlins, Quade and AIG claim is owed to them despite the breach by the Newlins. (*Id.* at 18.) Travelers explains that the amount sought by each of the defendants is at issue on the breach of contract claim because a finding that the Newlins breached the insuring agreements precludes any recovery by the Defendants from Travelers regarding the $2 million they seek. Conversely if the Newlins did not breach

the insuring agreements, then it could potentially result in a recovery by Defendants of at least some of the $2 million. (*Id.*)

First, the Newlins do not dispute and the Court concludes that Travelers has stated a breach of contract claim as the SAC now alleges actual damages "in excess of $1,000." (Dkt. No. 56, SAC ¶ 35.) Therefore, the Court DENIES the Newlins' motion to dismiss under Rule 12(b)(6). Next, the Court considers whether Travelers has alleged the amount in controversy to satisfy diversity jurisdiction over the breach of contract claim.

Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties do not dispute that all the parties are diverse. As to the amount in controversy, the SAC alleges it includes the amount paid to Bohn Wildish "in excess of $1,000" as well as $2 million which represents the fees and costs sought by the Newlins, Quade and AIG. (Dkt. No. 56, SAC ¶¶ 6, 35.)

First, the Newlins argue that Travelers has failed to assert $75,000 in *actual damages* to support diversity jurisdiction. (Dkt. No. 66-1 at 6-7.) However, their argument improperly conflates "actual damages" with "amount in controversy" and misconstrues the Court's order by arguing or implying that the Court concluded that the fees paid to Bohm Wildish are the only basis to determine the $75,000 in controversy. (Dkt. No. 66-1 at 6.) Instead, the Court's order stated two separate bases for dismissal of the FAC. First, Travelers failed to plead "actual damages" to state a plausible breach of contract claim. (Dkt. No. 55 at 13-14.) Second, Travelers failed to plead the $75,000 amount in controversy for the Court to exercise independent subject matter jurisdiction over the breach of contract claims for purposes of determining whether the DJA's discretionary jurisdiction rule applied. (*Id.* at 17.) Moreover, actual damages to support a cause of action and the amount in controversy to support diversity jurisdiction are distinct legal concepts. *See e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (amount in controversy included "damages" as well as allegations seeking

payment of sums from the defendant that did not fall comfortably within the realm of "damages" and are not labeled as such in the prayer for relief).

To justify dismissal for failure to state the amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). A claim exceeding the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement. *Id.* at 288. The amount in controversy is the "*amount at stake* in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant." *Gonzales v.CarMax Auto Superstores, LLC.*, 840 F.3d 644, 648 (9th Cir. 2016). "This amount includes, *inter alia,* damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648-69 (citing *Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In support of its argument, Travelers relies on cases that address the amount in controversy in actions involving declaratory relief without explaining how those cases relate to a breach of contract claim. (Dkt. No. 79 at 11.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the *value of the object of the litigation*." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) (emphasis added). "Where the complaint seeks injunctive or declaratory relief and not monetary damages, the amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. Am. Bar Ass'n,* 538 F.2d 829, 831 (9th Cir. 1976). "The value of the 'thing sought to be accomplished by the action 'may relate to either or any party to the action." *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (citation omitted).

However, under either the "amount at stake" or "the value of the object of the litigation" standard, Travelers has failed to allege the amount in controversy on the

breach of contract claim which is alleged solely against the Newlins. The SAC alleges that the $2 million represents the fees and costs sought by three separate defendants, the Newlins, Quade and AIG. (Dkt. No. 55, SAC ¶ 6.) Travelers fails to parcel out what part of the $2 million is sought solely by the Newlins, the only defendant named in the breach of contract claim.[3] Further, Travelers fails to provide legal authority that the Court may consider the amounts sought by AIG and Quade in assessing the amount in controversy or that the Court may aggregate the damages of the other defendants to satisfy the amount in controversy. *See Libby, McNeill, and Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir. 1978) (refusing to aggregate plaintiff's individual claims against multiple defendants to reach the amount in controversy requirement where those claims did not allow for joint liability); *Middle Tenn. News Co. v. Charnel of Cincinnati*, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001) (a "plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant."); *Mortazavi v. Fed. Ins. Co*., No. 13cv3141-GPC(BGS), 2014 WL 5359458, at *3 (S.D. Cal. Oct. 20, 2014) (noting that the "general rule with respect to the aggregation of claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.") (quoting *Jewell v. Grain Dealers Mut. Ins. Co*.,

---

[3] The SAC provides very bare allegations to support Travelers' claims and does not explain how the $2 million in damages being sought by the Newlins, the Quades and AIG was calculated. The amended counterclaims and third party complaints provide guidance and allege that AIG funded the $900,000 settlement between the Newlins, the Hamdeh plaintiffs and all the Hamadeh cross-defendants except CCL. (Dkt. No. 82, Quade's Am Counterclaim ¶ 16.) The Newlins also assigned to Quade all their rights under their legal services agreement with Quade to recover unpaid excess fees from CCL and/or Travelers in the amount of $1.7 million plus interest. (Dkt. No. 82, Quade's Am. Counterclaim ¶¶ 17, 87, 93.) Based on the amended counterclaims and third party complaints, it does not appear that the Newlins paid for any of the alleged $2 million in damages.

290 F.2d 11, 13 (5th Cir. 1961)). Here, the SAC does not claim that the amount in controversy exceeds $75,000 as to the Newlins or that Defendants are jointly liable.

Accordingly, the Court concludes that because amount in controversy has not been adequately alleged, the SAC fails to independently state a basis for the Court's diversity jurisdiction over the breach of contract claim.[4]

### D. Newlins, Quade and AIG's Motions to Dismiss the Declaratory Relief Claims

In the event the Court concludes that it does not have independent subject matter jurisdiction over the breach of contract claims, all Defendants move to the dismiss the declaratory relief claims based on the Court's analysis of *Brillhart* in the prior order. (Dkt. Nos. 66, 67.) In its prior order, the Court conducted a detailed analysis that it should not exercise jurisdiction over the DJA claims. (Dkt. No. 55 at 14-27.) Because the Court concludes that it does not have subject matter jurisdiction over the breach of contract claim, it relies on the *Brillhart* analysis in its prior order declining to exercise discretion over the DJA claims. In accordance with that analysis, the Court GRANTS Newlins' and AIG's motion to dismiss the declaratory relief claims. Because the federal claims have been dismissed, the Court also declines to exercise supplemental jurisdiction over remaining single breach of contract claim and GRANTS dismissal of that claim. *See* 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) (once the district court dismissed the only federal claim it had jurisdiction over during the early stages of litigation, "it did not abuse its discretion in also dismissing the remaining state claims.")

### E. Leave to Amend

In the event the Court grants the motion to dismiss, Travelers, without explanation, requests leave to amend. In its prior order, the Court granted Travelers' leave to file a SAC to assert actual damages for the breach of contract claim and the amount in

---

[4] The Court need not address the Newlins' additional argument that the breach of contract claim fails to state a claim as a matter of law. (Dkt. No. 66-1 at 10-12.)

controversy.  Dkt. No. 55.)  Because Travelers was already granted leave to amend and failed to cure the deficiencies noted by the Court, any additional leave to amend would be futile.  *See Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).  Moreover, Travelers does not explain why leave to amend should be warranted.  Therefore, the Court DENIES Travelers' request for leave to amend.

## Conclusion

Based on the above the Court GRANTS the Defendants' motions to dismiss the SAC pursuant to Rule 12(b)(1) with prejudice.  The hearing set on January 15, 2021 shall be **vacated**.

IT IS SO ORDERED.

Dated:  January 13, 2021

Hon. Gonzalo P. Curiel
United States District Judge