1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>                              Plaintiff,<br><br>v.<br><br>ANTHONY and BLYTHE NEWLIN, as individuals; QUADE & ASSOCIATES, PLC, a California professional liability company; and AIG PROPERTY CASUALTY COMPANY, a Pennsylvania corporation,<br><br>                              Defendants<br>and Related Counterclaims and Third-Party Complaints. | Case No.:  20-cv-765-GPC-DEB<br><br>**ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER [DKT. NO. 136] AND ENTERING PROTECTIVE ORDER** |

23
24
25
26
27
28

The Court Grants the parties' Joint Motion for Stipulated Protective Order (Dkt. No. 136) and enters the following Protective Order:

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

<u>DEFINITIONS</u>

1.      The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.      The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.      The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP; TYSON & MENDES LLP; QUADE & ASSOCIATES, A PLC; BALESTRERI POTOCKI & HOLMES; THE AGUILERA LAW GROUP, APLC. "Counsel" also means in-house attorneys for TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, AIG

PROPERTY CASUALTY COMPANY, a Pennsylvania corporation, and CCL Contracting, Inc.

<u>GENERAL RULES</u>

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.     the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition

3

transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b.   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

d.   The terms of this Order shall apply to videotaped depositions, and video cassettes or other video containers shall be labeled in accordance with the terms of this Order.

7.   All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court, except as provided in paragraph 7(a).

a.   A party who receives information designated as "CONFIDENTIAL" may disclose such information to an essential witness only if: (i) the essential witness is provided a copy of this Protective Order; (ii) the essential witness executes a copy of the form attached hereto as Exhibit A, in advance of being provided any confidential information and an executed copy of this form is provided to the designating party. For the purpose of this paragraph, a witness

is presumed to be an essential witness if 1) the witness has been designated as an expert witness; 2) the witness has been disclosed as a witness by any party in this action pursuant to initial disclosures or in the exchange of witness lists for trial; or 3) the witness has been noticed for deposition or has been called to testify at trial.

8.     Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, in-house counsel of the receiving party and the paralegal, clerical and secretarial staff employed by such counsel, independent experts (pursuant to the terms of paragraph 8), court personnel, and the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a)    Executives who are required to participate in policy decisions with reference to this action;

    b)    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

    c)    Stenographic and clerical employees associated with the individuals identified above;

    d)    Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system;

    e)    Essential witnesses who are expected to give testimony at deposition and/or trial in this matter; and

    f)    The Parties' insurers or their counsel.

9.     Witnesses may be examined on the Confidential materials of others, whether or not the witness prepared, received, or copied the materials, provided the examining

attorney has a good faith basis for believing the use of the materials is reasonably necessary to elicit relevant testimony. Deponents shall not retain or copy portions of the transcripts of their deposition that contain Confidential information not provided by them or the entities they represent, unless they qualify as Authorized Persons under paragraph 8 of this Order.

10.    With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, had previous access to the Confidential material based upon the known source of the material, (i.e., through a source list or access code) may be shown the same.

11.    All information which has been designated as "CONFIDENTIAL," by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.    Nothing herein shall prohibit a Party, or its counsel of record, from showing Confidential material to a person (i) who is the author or addressee of such Confidential material, or (ii) who had previous access to such Confidential material based upon the known source of the material (i.e., through a source list or access code for the Confidential material).

13.    This Order shall have no effect on any information or document that: (1) was already lawfully in the possession of the receiving Party and was not acquired through discovery or under any obligation of confidentiality; or (2) was lawfully acquired by the receiving Party from a third party.

14.    Nothing contained in this Protective Order bars or restricts the Parties' attorneys from rendering advice to their respective clients with respect to this litigation. This Protective Order shall not prevent the use of "CONFIDENTIAL" Materials or information in connection with a motion, at a hearing, at trial, or at a deposition provided

that the Materials shall be disclosed or displayed only upon the implementation of reasonable safeguards to preserve their confidential status. No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal.  A sealing order will issue only upon a showing that the information is privileged or protectable under the law.  The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. If possible, two (2) days prior to lodging any "CONFIDENTIAL" Material or information conditionally under seal, the Party intending to lodge the "CONFIDENTIAL" Material or information will endeavor to contact the Party that designated the Material as "CONFIDENTIAL" to confirm that the Party requires that the Material or information be conditionally filed under seal. In the event that the Party that designated the Material or information as "CONFIDENTIAL" does not require the Material or information to be filed under seal, the Party filing the motion may file the motion and supporting Material without sealing the "CONFIDENTIAL" Material or information.

15.    At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

16.    All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party,

and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17.     Nothing in this Order, nor the production of any information under its terms, nor any proceeding undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any Party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Order operate as an admission as to the admissibility of any information.

18.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

20.     Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21.     The foregoing is without prejudice to the right of any Party or non-party: (a) to apply to the Court  for a further protective order relating to any material designated under this Order or relating to any discovery in this Action; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of designated material beyond the terms of this Order.

22.     Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

23.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24.     Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

25.     In the event any person or entity bound by the terms of this Order that has possession, custody, or control of any "CONFIDENTIAL" material, which that person or entity did not produce, receives a subpoena or other process or order to produce such information, such person or entity, as soon as reasonably practicable, shall notify counsel for the Parties and the counsel of record of the Producing Party, in writing, and shall furnish those counsel of record with a copy of said subpoena or other process or order. The person or entity receiving the subpoena or other process or order shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interest may be affected. The Producing Party or Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The person or entity receiving such subpoena, process, or order shall be entitled to comply with it except to the

20-cv-765-GPC-DEB

extent the Producing Party is successful in obtaining an order or agreement modifying, quashing, or limiting the subpoena, process or order.

26.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

27.     The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

28.     The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

29.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

30.     This Order may be modified by agreement of the parties, subject to approval by the Court.

31.     The Court may modify the protective order in the interest of justice or for public policy reasons.

32.     The Court may further modify the terms and conditions of this Order on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED**.

Dated:  January 21, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge

11

## **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [type or print full name] of

_____ [print

or type full address], hereby declare under penalty of perjury that I have read and am fully

familiar with the terms of the Protective Order entered in Travelers Indemnity Company

of Connecticut v. Anthony and Blythe Newlin, et al. , Case No.:  20-cv-765-GPC-DEB,

and hereby agree to comply with and be bound by the terms and conditions of said Order

unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Information in said action, and

hereby certify my understanding that such information is being provided to me pursuant to

the terms and restrictions of the Protective Order. I understand that such information, and

any copies I make of any material containing "Confidential", or any notes or other records

that may be made regarding any such information, shall not be disclosed to others, except

other persons that are identified in or have agreed to comply with and be bound by the

terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes

of enforcing this Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____[print or type full

name]   of   _____

_____

_____ _____ [print or type full address, telephone number, and email address]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

20-cv-765-GPC-DEB