1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANTHONY and BLYTHE NEWLIN, as individuals; QUADE & ASSOCIATES, PLC, a California professional liability company; AIG PROPERTY CASUALTY COMPANY, a Pennsylvania corporation, and DOES 1 through 10, inclusive,<br><br>                                    Defendants<br><br>and Related Counterclaims and Third-Party Complaints. | Case No.:  20cv765-GPC(DEB)<br><br>**ORDER SUA SPONTE STAYING THE CASE AND OVERRULING OBJECTIONS TO DISCOVERY ISSUES WITHOUT PREJUDICE**<br><br>**[Dkt. Nos. 132, 134.]** |

Before the Court are Third-Party Plaintiffs Anthony and Blythe Newlin (the "Newlins"), Counterclaimant/Third Party Plaintiffs Quade and Associates, a PLC ("Quade") and Counterclaimant/Third Party Plaintiffs AIG Property Casualty Company's ("AIG") partial objections to Magistrate Judge Daniel Butcher's Order following a discovery hearing on January 6, 2022 concerning discovery disputes with Counterdefendant Travelers Indemnity Company of Connecticut ("Travelers") and Third

1

Party Defendant CCL Contracting, Inc. ("CCL"). (Dkt. Nos. 132, 134, 137.) The objections are fully briefed. (Dkt. Nos. 154, 156, 158, 159, 160, 152, 155.)

The discovery issues concern Travelers and CCL's motion to compel the production of unredacted attorney fee invoices from Quade[1] regarding the defense of the Newlins in the underlying Hamadeh Litigation in state court as well as producing unredacted copies of the legal services agreement and attached assignment between the Newlins and Quade as these are damages sought by AIG, Quade and the Newlins in their respective counterclaims and third party complaints. Based on a review of the papers, and the status of the pending state court case, the Court SUA SPONTE stays the case pending the outcome of the state court cross-complaint filed by the Newlins against CCL and OVERRULES the objections to discovery issues without prejudice.

## Procedural Background

On April 22, 2020, Plaintiff Travelers filed a complaint alleging counts for declaratory relief against Defendants the Newlins, Quade and AIG as well as a breach of contract claim against the Newlins seeking to clarify its defense and indemnity obligations to the Newlins, Quade and AIG arising from an underlying state court complaint in San Diego County Superior Court, Case No. 37-2017-00006963-CU-OR-NC entitled *Hamadeh et al. v. Newlins, et al.,* ("Hamadeh Litigation"). (Dkt. No. 1, Compl.) A first amended complaint ("FAC") was filed on May 1, 2020 alleging the same claims. (Dkt. No. 5, FAC.) On June 11, 2020, the Newlins and Quade filed a motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6), (Dkt. No. 15), and AIG filed a motion to dismiss pursuant to Rule 12(b)(1). (Dkt. No. 13.) After full briefing on the motions, on September 14, 2020, the Court granted the Newlins' motion to dismiss the breach of contract claims under Rule 12(b)(6) and granted all Defendants' motions to dismiss pursuant to Rule 12(b)(1) with leave to amend. (Dkt. No. 55.) On September 24,

---

[1] It is unclear whether Tyson and Mendes' attorney fee invoices are at issue.

2020, Travelers filed a second amended complaint ("SAC").  (Dkt. No. 56.)  On October 13, 2020, the Newlins, Quade and AIG filed motions to dismiss.  (Dkt. Nos. 66, 67.)   On January 13, 2021, after full briefing by the parties, the Court granted the Newlins, Quade and AIG's motions to dismiss the second amended complaint pursuant to Rule 12(b)(1) with prejudice.  (Dkt. No. 93.)

Additionally, on June 11, 2020, the Newlins, AIG and Quade each separately filed a counterclaim against Travelers and each separately filed a third-party complaint against CCL.  (Dkt. Nos. 14, 16, 17.)  On the counterclaim, AIG sought equitable subrogation, equitable indemnity and equitable contribution against Travelers for its defense and indemnification of the Newlins in the Hamadeh Litigation.  (Dkt. No. 14.)  Travelers filed an answer to AIG's counterclaim.  (Dkt. No. 31.)  On the Newlins and Quade's counterclaims, Travelers filed motions to dismiss which the Court granted on November 2, 2020 with leave to amend.  (Dkt. Nos. 32, 33, 46, 49, 73.)  The Newlins and Quade filed their first amended counterclaims against Travelers on November 20, 2020.  (Dkt. No. 81, 82.)  The Newlins' amended counterclaim alleged two causes of action against Travelers for breach of contract and breach of the implied covenant of good faith and fair dealing.  (Dkt. No. 81, Newlins' Am. Counterclaim/TPC.)  Quade's amended counterclaim asserts two causes of action for breach of contract and indemnity, equitable subrogation, waiver/estoppel against Travelers.  (Dkt. No. 81, Quade's Am. Counterclaim/TPC.)   On April 2, 2021, the Court granted Travelers' motion to dismiss the amended counterclaim by the Newlins and denied the motion to dismiss the amended counterclaim by Quade.  (Dkt. No. 96.)  Travelers filed an answer to the amended counterclaim by Quade on April 16, 2021.  (Dkt. No. 97.)

On the third-party complaints, the Newlins and Quade allege breach of contract against CCL for failing to defend and indemnify the Newlins in the Hamadeh Litigation per the terms of the Santa Fe Irrigation Contract and the Property Owners Contract.  (Dkt. Nos. 16, 17.)  AIG, in its third-party complaint, sought equitable subrogation and equitable contribution against CCL.  (Dkt. No. 14.)  On November 2, 2020, the Court

denied CCL's motions to dismiss the third-party complaints filed by the Newlins, AIG and Quade. (Dkt. Nos. 50, 51, 52, 58, 59, 60, 70, 73.)

The remaining pleadings in this case are AIG's counterclaim against Travelers, (Dkt. No. 14), Quade's amended counterclaim against Travelers, (Dkt. No. 82), and the Newlins, AIG and Quade's third-party complaints against CCL. (Dkt. Nos. 14, 16, 17.)

The issues in this case arise from the state court Hamadeh Litigation where the Hamadeh plaintiffs, on February 24, 2017, filed suit against the Newlins and others for negligent misrepresentation, negligence, breach of contract and fraud related causes of action concerning representations made by the Newlins' during the sale of the Newlins' home to the Hamadeh plaintiffs. (Dkt. No. 82, Quade's Am. Counterclaim ¶ 12.) On December 7, 2017, the Newlins filed a cross-complaint against CCL[2] for breach of contract for failing to accept the tender for defense and indemnity, and negligence. (*Id.* ¶ 72; *see also* Dkt. No. 51-2, CCL'S RJN, Ex. A, Newlins' State Court Cross-Complaint ¶¶ 58-76; 83-92.) On January 24, 2019, the case between the Hamadeh plaintiffs and the Newlins as well as all cross-defendants, except CCL, settled at a mediation where AIG paid out $900,000 for the settlement. (*Id.* ¶ 70.) The cross-complaint by the Newlins against CCL is still pending where the state court held a hearing on CCL's motion to compel the same documents in this case on March 4, 2022[3] and a trial is set on July 15, 2022. (Dkt. No. 156-1 Quade Decl. ¶ 5.)

### Discussion

Early on, the Court recognized that the pending cross-complaint by the Newlins against CCL in state court involved similar underlying facts and legal issues as in this case because both cases address Travelers', CCL's insurer, alleged failure to defend and

---

[2] While the Newlins owned the property, CCL was contracted by the Rancho Santa Fe Irrigation District to perform work on the water infrastructure on the Newlins' property and move/install a new fire hydrant and other related work. (Dkt. No. 82, Quade TPC/Counterclaim ¶ 10.)

[3] The briefing on the objections was all filed before the state court discovery hearing. The parties have not informed the Court of any rulings by the state court.

4

indemnify the Newlins in the underlying Hamadeh litigation.  (Dkt. No. 55 at 25.)  At the time, the Court expressed concerns about entangling its substantive rulings with the pending state court action.  (*Id*.)  In that order of September 14, 2020, the Court directed the parties to file briefs on whether a stay or dismissal is warranted due to the pending state court action.  (*Id*. at 27.)  On October 9, 2020, AIG, Newlins and Quade filed a supplemental brief arguing that the Court should exercise its discretion and "consolidate" the Newlins' state cross-complaint against CCL with the current case and argued neither for dismissal or a stay.  (Dkt. Nos. 62, 63.)  On the other hand, CCL[4], of course, argued for dismissal of the TPC against it in favor of the cross-complaint in state court.  (Dkt. No. 65.)  No party supported a stay of the case.  The Court did not make a ruling on the whether the case should be stayed.

Now pending before the Court are objections filed by AIG, Quade and the Newlins concerning production of Quade's unredacted attorney fee invoices and the legal services agreement and an attached assignment between Quade and the Newlins.  These objections highlight that a stay is warranted in this case.

A federal district court possesses the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

---

[4] CCL had moved to dismiss the TPC against it due to claim splitting based on the cross-complaint in state court.  (Dkt. No. 73 at 22.)  However, because claim splitting does not apply to concurrent federal and state jurisdiction, and CCL failed to provide any other theory for dismissal, the Court denied the motion to dismiss.  (*Id.*)

*Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."  *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180 (1952); *Landis,* 299 U.S. at 254-55 (additional citations omitted)).

"In the typical *Landis* stay case, a federal court postpones resolution of the case pending some related proceeding.  However, the related proceeding typically serves only to narrow the factual or legal issues for the federal court. . . . [A] *Landis* stay is generally of a limited duration."  *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136-37 (D. Idaho 2014) *see also Landis,* 299 U.S. at 250-51 (recognizing that the related case "may not settle every question of fact and law" in the stayed federal action). A district court has discretion whether to grant or deny a *Landis* stay.  *See Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).

Judicial efficiency supports a stay where the same discovery dispute has already been heard in a pending state court case, *see Citizens Ins. Co. of America v. Chief Digital Advisors*, Case No.: 20-cv-1075-MMA (AGS) 2020 WL 8483913, at *3 (S.D. Cal. Dec. 20, 2020) ("Avoiding inconsistent rulings promotes judicial efficiency and supports a stay."), and the case, which mirrors the claim in this case, is currently set for trial on July 15, 2022. (*Compare* Dkt. No. 16, Newlin's TPC against CCL ¶¶ 58-62 *with* Dkt. No. 51-2, CCL'S RJN, Ex. A, Newlins' State Court Cross-Complaint ¶¶ 59-75.)  The Court observes no damage or prejudice from issuing a stay of the case, and a state court trial on whether CCL breached the contracts at issue will certainly simplify or clarify the issues in this case and the orderly administration of justice will be preserved.  Therefore, the

20cv765-GPC(DEB)

Court exercises its discretion and *sua sponte* stays the case until resolution of the cross-complaint in state court.  Because the decision in state court will affect the pending discovery issues in this case, the Court OVERRULES the objections to the discovery issues without prejudice.

**Conclusion**

Based on the above, the Court sua sponte STAYS the case until resolution of the cross-complaint in state court.  As such, the Court OVERRULES the objections to the discovery issues without prejudice.  The parties are DIRECTED to file a joint status report within seven (7) days of resolution of the state court action, including whether either party plans to appeal.

IT IS SO ORDERED.

Dated:  March 22, 2022

Hon. Gonzalo P. Curiel
United States District Judge